KLEIN, J.
The appellant insurer appeals a summary judgment holding that it did not effectively cancel an insurance policy because it failed to give the notice to the state as required by a statute applicable to commercial vehicles. We affirm.
The insurer issued the policy in September, 2002, but after the insured failed to make premium payments, sent the insured a notice of cancellation in October, reflecting a cancellation date of November 15, 2002. On December 1, 2002, an insured vehicle was involved in an accident causing injury and death, and claims were filed against the driver and the insured. The insurer then filed this action seeking a declaration that its policy had been can-celled, effective November 15, 2002.
The trial court found that there was coverage because the insurer had failed to provide notice of cancellation as required by section 320.02(5)(e), Florida Statutes (2002), which provides:
The department shall suspend the registration, issued under this chapter or s. 207.004(1), of a motor carrier who operates a commercial motor vehicle or permits it to be operated in this state during the registration period without having in full force and effect liability insurance, a surety bond, or a valid self-insurance certificate that complies with the provisions of this section. The liability insurance policy or surety bond may not be canceled on less than 30 days’ written notice by the insurer to the department, such 30 days’ notice to commence from the date notice is received by the department.
It was undisputed that the insurer did not give the notice required by the statute, but the insurer argues that it was governed by section 627.7281, Florida Statutes (2002), which does not require notice to the state:
Cancellation notice. An insurer issuing a policy of motor vehicle insurance not covered under the cancellation provisions of s. 627.728 shall give the named insured notice of cancellation at least 45 days prior to the effective date of cancellation, except that, when cancellation is for nonpayment of premium, at least 10 days’ notice of cancellation accompanied by the reason therefore shall be given.
The insurer argues that because it was cancelling the policy for nonpayment of premiums, it was required to only give the named insured notice under this statute.
The problem with the insurer’s position is that section 627.7281 is of general application to all motor vehicles, while section 320.02(5)(e) applies more specifically to commercial vehicles, which are subject to special registration requirements with the state. Because more specific statutes control over general statutes, Ortiz v. Dep’t of Health, 882 So.2d 402 (Fla. 4th DCA 2004), the statute applicable to commercial vehicles is applicable here on the issue of requiring notice to the state. We have considered the other arguments *398 raised by the insurer and find them to be without merit.

Affirmed.

WARNER and HAZOURI, JJ., concur.